■ WING WONG et al., Appellants, v KING SUN YEE et al., Defendants, and GEORGE K. LIU, Respondent. [683 NYS2d 259] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 17, 1997, which, *inter alia*, granted defendant-respondent's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action to enforce an unsatisfied judgment for unpaid wages against shareholders in the employer corporation, plaintiffs' mere allegation that defendant was an owner of the corporation does not, without more, raise a triable issue as to whether he was an employer for purposes of Labor Law §§ 190 and 650. Additionally, the IAS Court properly found defendant-respondent was not a shareholder of the corporation at the time plaintiffs' claims accrued. Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL PADILLA, Appellant. [682 NYS2d 585] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered on or about September 6, 1995, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.